# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JACQUELINE M. MARTIN,

    Plaintiff(s),

v.

CAROLYN W. COLVIN,

    Defendant(s).

2:12-CV-730 JCM (PAL)

**ORDER**

Presently before the court is Magistrate Judge Leen's report and recommendation on the plaintiff's motion for remand. (Doc. # 29). Jacqueline Martin, the plaintiff, filed objections to the report and recommendation (doc. # 32), and the commissioner of Social Security ("commissioner") filed a reply (doc. #33).

**I.   Procedural Background**

Plaintiff filed applications for supplemental security income. The commissioner denied plaintiff's claims initially and again upon reconsideration. Following the denials, the administrative law judge ("ALJ") conducted a hearing. The ALJ determined that plaintiff was not disabled.

The appeals council denied plaintiff's request for review, which made the ALJ's decision the final decision of the commissioner. Plaintiff then filed a complaint seeking judicial review pursuant to 42 U.S.C. § 405(g). The commissioner filed her answer. The plaintiff filed a motion for remand. (Doc. # 20). The commissioner filed a cross-motion to affirm and an opposition. (Doc. # 23). Plaintiff filed a reply. (Doc. # 27).

**James C. Mahan**
**U.S. District Judge**

*A.    Facts*

Plaintiff was born on October 14, 1966 and at the time of the administrative hearing, she was forty-three years old. (Doc. #29, 6). She lives with her daughter and husband. *Id.* Plaintiff was last employed in 2007 as a cook's helper. *Id.* Plaintiff testified she stopped working in 2007 because she had a baby and need to take care of her. *Id.* Prior to that she worked in a service deli. *Id.*

On January 29, 2009, Plaintiff was evaluated to determine her work-related aptitudes and interest by Alton S. Trammell. (Doc. #29, 8). His evaluation revealed plaintiff has limited word reading, sentence comprehension, spelling, and math computation skills. *Id.* Plaintiff's skills in these areas were between a third and fifth grade level. *Id.* Mr. Trammell found plaintiff was cooperative, put forth effort, and followed some written and all verbal directions. *Id.* His report stated plaintiff's Beta IQ was sixty-five. *Id.*

Plaintiff saw Dr. Jeffrey Crudo for a general physical examination on April 7, 2009. (Doc. #29, 10). Dr. Jeffrey Crudo did not mention anything about potential learning impairments. On July 6, 2009, Dr. Pastora Roldan completed a psychiatric review technique form ("PRTF" or "special technique") for plaintiff. (Doc. #29, 11). She found plaintiff suffered from bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes. *Id.* Dr. Roldan did not find any limitation to satisfy the functional criteria of listing 20 C.F.R. pt. 404, subpt. P, app.1, § 12.04©. *Id.* Dr. Roldan, also found no evidence to establish the presence of the C criteria of the listing. *Id.* Dr. Roldan concluded that plaintiff would be able to: (a) understand and remember work location and procedures of a simple, routine nature; (b) maintain concentration and attention in two-hour increments and would be able to sustain an eight-hour per day/forty-hour per week work schedule on a sustained basis; © relate to and accept direction from supervisors and remain socially appropriate with co-workers and the public without being distracted by them; and to travel, avoid workplace hazard, respond to change, and set realistic goals independently. *Id.* Dr. Karen Ying reviewed Dr. Roldan's PRTF and agreed with her findings. *Id.*

. . .

The ALJ followed the five-step sequential evaluation process and issued an unfavorable decision on November 1, 2010. (Doc. #29, 13). At step-two he found plaintiff's bipolar disorder with depression did not cause more than minimal limitation in plaintiff's ability to perform basic mental work activities and was therefore not severe. (Doc. #29, 12). At step three, the ALJ determined plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

B. *Report and Recommendation*

Plaintiff seeks reversal of the ALJ's decision for the following reasons: (1) the ALJ failed to consider whether plaintiff met the listing at 12.05C; (2) the ALJ failed to consider all impairments at step two of his analysis; and (3) the ALJ improperly rejected the opinion of plaintiff's treating psychiatrist, Dr. Zedek.

The magistrate judge considered plaintiff's arguments for reversal along with the commissioner's arguments that the ALJ properly denied the benefits. The magistrate judge rejected all of plaintiff's arguments and found: (1) the ALJ considered all impairments at step two; (2) the ALJ's considered whether plaintiff met the listing at 12.05C in step three; and (3) the ALJ properly rejected the opinion of Dr. Zedek.

The plaintiff timely objected to the magistrate judge's findings in support of granting the commissioner's cross-motion to affirm, stating, the magistrate erred by failing to follow controlling Ninth Circuit case law. Plaintiff argues the ALJ is expected to perform the special technique for every mental impairment found in the record, and even if a particular impairment is not a medically determinable impairment, the ALJ must still provide a rationale. Plaintiff does not object to the ALJ's rejection of Dr. Zedek's opinion.

C. *Standard of Review for Report and Recommendation*

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo

James C. Mahan
U.S. District Judge

- 3 -

determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

## II.     Legal Standard

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405. *See Akopyan v. Barnhart*, 296 F.3d 852, 853 (9th Cir. 2002). Section 405(g) states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause of a rehearing.

42 U.S.C. § 405(g).

The commissioner's findings of fact are conclusive if supported by substantial evidence. *Id.*; *see also Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 2005). The court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion." *Id.*

Under the substantial evidence standard, "the [c]ommissioner's findings are upheld if supported by inferences reasonably drawn from the record." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). A court should defer to the commissioner's decision "if evidence exists to support more than one rational interpretation." *Id.*

"The claimant bears the burden of establishing a prima facie case of disability." *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). "An individual is disabled within the meaning of the Social Security Act when she 'is unable to engage in any substantial gainful activity by reason of any

James C. Mahan
U.S. District Judge

- 4 -

medically determinable physical impairment which . . . can be expected to last for a continuous period of not less than twelve months.'" *Id.* (quoting 42 U.S.C. § 1382c(a)(3)(A)). The claimant's burden requires that she "make out a case both that she has an impairment listed in the regulations, and that she has met the duration requirement." *Id.* If a claimant can meet her initial burden, "the burden shifts to the [commissioner] to show that the claimant can perform other substantial gainful work that exists in the national economy." *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

> In assessing whether a claimant is disabled, the ALJ follows a five step sequential process:
>
> Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled. If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

20 C.F.R. §§ 404.1520, 416.920; *Stout*, 454 F.3d at 1052.

**III.  Discussion**

The magistrate judge found that plaintiff did not cite any evidence from a medically-acceptable source suggesting she qualifies for disability benefits due to a learning or intellectual

James C. Mahan
U.S. District Judge

- 5 -

1  disability. Additionally, the magistrate judge found the ALJ considered plaintiff's cognitive ability
2  when he cited the vocational rehabilitation evaluation in 2009 and the PRTF conducted in July 2009.
3  Finally, the magistrate judge pointed out the ALJ is required to discuss and evaluate evidence that
4  supports his conclusion; he is not required to do so under any specific heading. *See Lewis v. Apfel*,
5  236 F.3d 503, 513 (9th Cir. 2001).

6  The plaintiff objects by arguing the magistrate judge did not follow controlling Ninth Circuit
7  case law. Plaintiff argues the ALJ is expected to perform the special technique for every mental
8  impairment found in the record and must provide rationale if it decides an impairment is not
9  medically determinable. *See Hill v. Astrue*, 698 F.3d 1153 (9th Cir. 2012); *Kayser v. Comm'r Soc.*
10 *Sec.*, 648 F.3d 721 (9th Cir. 2011). Plaintiff argues that under this standard the ALJ did not perform
11 the special technique or provide rational to why plaintiff's learning disability was not medically
12 determinable impairment. Plaintiff argues the ALJ was aware of her learning disability because it
13 was discussed in the medical record, testified to at the hearing, and was the subject of her hearing
14 representative's argument. Plaintiff concludes that because the ALJ was aware of her learning
15 disability, the ALJ should have performed the special technique and provided a rationale of why her
16 learning disability was not medically determinable.

17 The government argues the magistrate judge is correct, as plaintiff did not put forward any
18 evidence establishing a colorable claim that she even had a learning impairment. Therefore the ALJ
19 was not required to consider whether the alleged impairment was severe. Additionally, the
20 government argues, the cases plaintiff relies upon are easily distinguishable as in both of these cases
21 plaintiffs presented colorable claims that they suffered from mental impairments and the ALJ erred
22 by not making findings required under the PRTF. In these cases, the claims were colorable because
23 plaintiffs' treating physicians diagnosed the mental impairment. Here, plaintiff's claims were based
24 on a vocation assessment report by Mr. Trammel, a certified rehabilitation counselor, not an
25 acceptable medical source.

26 . . .

27

28

The court agrees with the magistrate judge. The court finds plaintiff's reliance on *Hill* and *Kayser* is misplaced. These cases make it clear that an ALJ is required to engage in the special technique only when the claimant has put forward sufficient evidence to state a "colorable claim" that he or she has the alleged mental impairment. Here the plaintiff has not submitted such evidence, as Mr. Trammel is not a medically acceptable source, and none of her treating physicians cite a learning disability in their treatment notes. Even more, Mr. Trammel's report does not fulfill the regulatory requirements for demonstrating a valid IQ measurement. Additionally, the ALJ did address plaintiff's intellectual disability in weighing plaintiff's residual functional capacity assessment when he noted the plaintiff tested in the 'low to lower extreme range, suggesting mental deficiency and possible learning disorder," but concluded "claimant's work history demonstrates that despite her low test scores, she can work above substantial gainful activities levels." (Doc. # 29, 16).

IV.   **Conclusion**

The court agrees with the report and recommendation of the magistrate judge and adopts it in its entirety.

IT IS HEREBY, ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Leen's report and recommendation (doc. # 29) be, and the same hereby, is ADOPTED in its entirety.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (doc. # 20) be, and the same hereby is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the commissioner's cross-motion to affirm (doc. # 23) is GRANTED.

DATED December 11, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**